**BIGFOOT'S, INC., Plaintiff,**

v.

**BOARD OF REVIEW OF the INDUSTRIAL COMMISSION OF UTAH, DEPARTMENT OF EMPLOYMENT SECURITY, Defendants.**

**No. 20484.**

Supreme Court of Utah.

Nov. 22, 1985.

Martin W. Custen, Ogden, for plaintiff.

K. Allan Zabel, Winston M. Faux, Salt Lake City, for defendants.

STEWART, Justice:

Bigfoot's, Inc., is here on a petition for review of a final order of the Board of Review of the Industrial Commission of Utah. Bigfoot's is a Utah corporation which operates a beer bar in Ogden, Utah. The Board held that band musicians and entertainers who performed for Bigfoot's were in Bigfoot's "employment," as that

term is used in the unemployment compensation laws and did not qualify for an exemption as "independent contractors," and that Bigfoot's was therefore liable to pay unemployment insurance contributions based on the wages of the entertainers and musicians. We affirm.

From April 1, 1982 through June 30, 1983, Bigfoot's engaged numerous bands and entertainers to perform at its place of business. It hired the bands to attract customers and increase business. Bigfoot's usually contracted for the bands through three talent agencies, two located in Salt Lake City, and one in Seattle, Washington. The bands and entertainers sometimes worked under written contracts and sometimes under verbal contracts.

The understanding between Bigfoot's and the various bands and entertainers was that they were independent contractors, and not employees of Bigfoot's. The bands and entertainers retained total control over their performances, costumes, appearance and presentation, and generally performed without supervision of Bigfoot's. Bigfoot's often did not meet with the bands and/or entertainers other than to deliver payment for their performances, and the parties agreed that the bands were solely responsible for payment of payroll taxes and all other taxes and assessments under local, state and federal law. Payment usually was made to the band leader, who would pay the other entertainers and band members.

The Commission found that there had been "a performance of personal services for the employing unit for wages" and that the bands were sufficiently independent of Bigfoot's control to meet the requirements of subsections (A) & (C) of the independent contractors exclusion, U.C.A., 1953, § 35–4–22(j)(5)(A), (B) & (C) (the "ABC test"). These findings are not questioned on appeal. The sole issue is whether itinerant bands and entertainers performing at bars and private clubs fall within subsection (B) of the statute, which states:

The service is either outside the usual course of the business for which the service is performed or that the service is performed outside of all the places of business of the enterprise for which the service is performed....

If that standard is met, Bigfoot's would not be liable because the bands and entertainers would be deemed independent contractors as that term is defined by the ABC test, all parts of which must be met.

In *Utah Hotel Co. v. Industrial Commission*, 107 Utah 24, 151 P.2d 467 (1944), the Court unanimously held that name bands and entertainers were in the employment of the hotel within the meaning of the Act, and were not excluded under the "B" part of the ABC test, using the following reasoning:

It must be admitted that the services here performed were not "outside all the places of business" of the petitioner, since the contracts all specifically provided that service should be rendered in the hotel. Nor were the services performed outside the usual course of the petitioner's business. The record abounds with evidence that it was usual and customary for the hotel to furnish entertainment in connection with the operation of its dining rooms and to furnish dance bands in connection with the operation of its dancing facilities. It thus appears that there was a service relationship, for wages, and that such relationship did not meet, conjointly, the requirements of Section [22(j)(5)]. The Commission correctly held "name bands" and "specialty features" to be service relationships within the Act, and that the hotel company was liable thereon for contributions to the unemployment compensation fund.

*Utah Hotel Co.*, 107 Utah at 29, 151 P.2d at 469 (1944). The Court concluded that since it was usual and customary for the hotel to furnish entertainment in connection with its operations, the employment of musicians and entertainers was within the "usual course of the business," and the "B test" was not satisfied.

In 1976, we applied the *Utah Hotel* ruling in *Black Bull, Inc. v. Industrial Commission*, Utah, 547 P.2d 1334 (1976), and

noted that *Utah Hotel* had "stood the test of time for a third of the century" without the Legislature having amended the statute. *Black Bull* also referred to and rejected *Seattle Aerie No. 1 v. Commissioner of Unemployment Compensation and Placement*, 23 Wash.2d 167, 160 P.2d 614 (1945), the main case relied on by the petitioner in this case. *Black Bull*, 547 P.2d at 1336. We see no valid reason to depart from *Utah Hotel* and *Black Bull*.

Affirmed. No costs.

HALL, C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.